The defendant was indicted for an assault and battery on Alexander B. Crawford. He justified under authority of one M'Cullough, the special bail of Crawford.
It appeared in evidence that on a suit against Crawford in Cecil county, Maryland, M'Cullough became his special bail (as he alledged without his authority,) and took out a bail piece, and in writing deputed one John West to arrest Crawford, with power to employ others to assist him. He spoke to Mahon, the defendant, to help him arrest Crawford, and they went together to Newark for that purpose. They stopped at the tavern, and West sent Mahon to Crawford's residence to invite him to the tavern, under pretence of selling him a horse, where West was to make the arrest. He remained at the tavern and had the bail piece in his possession, Upon meeting with Crawford, Mahon seized him by the collar, and took him by force to the tavern.
Gilpin, Attorney-general, and Wm. H. Rogers,
contended that the justification was not made out, 1st. Because there was no proof that the bail piece now produced was ever delivered to John West. 2d. That the power under the bail piece was personal to West, and could not be deputed by him to Mahon. 3d. That it did not justify the arrest by Mahon without any deputation to him in writing, or without the presence of West; and 4th. That Mahon had exceeded his authority.
J. A. Bayard, contra, contended that special bail had the right to give a verbal authority to any one else to assist him in arresting his principal. The record is conclusive as to the entry of special bail. If it was without authority, it would be vacated on motion to the court where it was entered; but here it is conclusive. Special bail has the custody of his principal. He can take him anywhere. And he may employ any one, in any way, to take him. The principal has no right to go about but by the leave of the special bail; and the bail may withdraw that leave at any moment, and enforce obedience, by calling in any other person to his aid. The bail need not be present; if he authorize another with power to substitute twenty *Page 569 
others, any of them may lawfully make the arrest. As to the excess of authority it is for the jury. The mode of arrest must depend on the case; words never can make a lawful arrest unlawful; and no violence will constitute an excess unless it is beyond what was necessary in the particular case to effect the object.
By the Court.
Special bail has the right to arrest his principal anywhere, and at any time to render him in discharge of the bail. The principal is committed to the custody of his bail instead of being sent to prison; and the bail has always the right to surrender him. The bail may make the arrest himself, or may delegate the power to another or others in writing, to make the arrest for him. But they cannot substitute this delegated power by delegating another. The arrest must be by the bail himself, or by his immediate deputy in writing. Either the bail or his deputy may call in the aid of others in making the arrest; but such aid must be rendered in the presence of the person authorized to make the arrest. This presence need not in all cases be an actual bodily presence, but in every case the bail or deputy must be at the moment engaged in or about the arrest, and the other person acting merely in his aid. As when the bail pointing out the principal calls on another to seize him, the arrest would be good, even though at the moment of the arrest the parties might be out of the immediate presence of the bail. In other words, the arrest must be the act of the person authorized by means of his assistant; and not the arrest of the assistant, who has no authority further than it is conferred by the presence or active co-operation of the bail or his deputy. (6Mod. 231; 1 Atk. 237.)
As to the mode of arrest. A person having authority to arrest another must do it peaceably, and with as little violence as the case will admit of. Pie must touch the person; and ought to do it without "violence, unless the circumstances require roughness; if resisted he may use force sufficient to effect his purpose; but if no resistance be offered or attempt at escape, he has no right rudely and with violence, to seize and collar his prisoner. (See 3 Taunt.
425; 1 Johns. Rep. 145; 1 Tidd's Pr. 192;Cowp. Rep. 65.)
The defendant was convicted; and, after argument, the court refused a new trial.